IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERIC WHEELER, | § | |
| a/k/a Roger Dale Shipman, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0148 |
| | § | |
| STATE OF TEXAS and | § | |
| JIM ENGLISH, District Attorney, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by petitioner ERIC WHEELER, a/k/a Roger Dale Simpson, a California state prisoner, on June 12, 2006. By his habeas application, petitioner appears to be challenging his October 19, 1976 Texas state court conviction for the felony offense of passing a forged instrument out of the 222nd Judicial District Court of Deaf Smith County, Texas. For the reasons set forth herein, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be DISMISSED for lack of jurisdiction.

I.
PROCEDURAL HISTORY

In his habeas application, petitioner indicates that on October 19, 1976, he pleaded guilty to the offense of passing a forged instrument in Cause No. DC-2673-A. The 222nd Judicial District

Court accepted his guilty plea, and assessed petitioner's punishment at five (5) confinement. Petitioner indicates he did not seek a direct appeal of his conviction or sentence.

On December 16, 2004, petitioner filed a state application for a writ of habeas corpus challenging his conviction. On June 15, 2005, the Texas Court of Criminal Appeals denied such application without written order. *Ex parte Wheeler*, No. 61,314-02.[1] On June 6, 2006, petitioner filed the instant federal habeas application challenging his conviction and sentence.[2]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner alleges his conviction was in violation of the Constitution and/or laws of the United States for the following reasons:

1. The state trial court lacked jurisdiction to accept petitioner's guilty plea, or enter a judgment of conviction and sentence, because petitioner was a 17-year-old minor;

2. Petitioner's guilty plea was involuntary as it was unlawfully coerced and induced;

3. Petitioner is currently subject to adverse collateral consequences as a result of his 1976 conviction in that:

    a. said conviction was used to impeach petitioner at his most recent trial; and

    b. said conviction was used to enhance a subsequent sentence.

---

[1] On or about the same time, petitioner submitted a state application challenging a conviction out of the 287th District Court out of Bailey County, Case Number 1072A. *See In re Wheeler*, No. 61,314-01.

[2] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

### III.
### "IN CUSTODY" REQUIREMENT

The federal habeas statutes provide the United States district courts with jurisdiction to entertain petitions for federal habeas corpus relief from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). The above-quoted statutory language has been interpreted by the United States Supreme Court as requiring that the state habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968). This interpretation does not require that a prisoner be physically confined in order to challenge his sentence on habeas corpus. *See Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (a prisoner who had been placed on parole was still "in custody" under his unexpired sentence because his release was not unconditional). However, a prisoner will not be found to be "in custody" where he suffers no "present restraint" from a challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989); ; *see also Hendrix v. Lynaugh*, 888 F.2d 336 (5th Cir. 1989).

In *Maleng v. Cook,* a federal prisoner brought a habeas corpus petition alleging that a prior, expired (discharged) conviction had been unconstitutionally used to enhance current federal and state sentences. In 1958, Cook had been convicted of robbery in a Washington state court and sentenced to 20 years imprisonment. In 1976, while out on parole from that sentence, Cook was convicted in state court of two counts of assault and one count of aiding a prisoner to escape. In 1978, the State of Washington sentenced Cook to two life terms and one 10-year term on those 1976 convictions. The 1958 conviction increased the mandatory minimum terms Cook would have to serve on his 1978 sentences.

In 1976, Cook was also convicted of bank robbery and conspiracy in federal court and sentenced to 30 years imprisonment. At the time he filed his application for federal habeas corpus relief, Cook was serving his federal sentence in a federal penitentiary. The State of Washington had lodged a detainer against Cook with the federal prison authorities so that Cook would begin serving the state sentences imposed in 1978 upon the expiration of his federal term of imprisonment.

In his petition for habeas corpus relief, Cook listed the 1958 state robbery conviction as the "conviction under attack," alleging it was invalid because he had not been given a competency hearing even though there was reasonable doubt as to his competency to stand trial. Cook also alleged the 1958 state robbery conviction was wrongfully used to enhance his 1978 state sentences which he had not yet begun to serve.

The United States Supreme Court considered the case to determine whether a habeas petitioner remains "in custody" under a conviction, after the sentence imposed for that conviction has fully expired, because of the mere possibility that the conviction will be used to enhance sentences imposed for any subsequent crimes of which the petitioner is convicted. The Court held such a petitioner is not "in custody" for purposes of federal habeas because, in such a situation, the petitioner suffers no present restraint from the conviction. The Court thus concluded Cook could not challenge his 1958 conviction.

In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), the Supreme Court confirmed that:

> a § 2254 petitioner must first show that he is 'in custody pursuant to the judgment of a State court.' § 2254(a). Because Coss [the petitioner] is no longer serving the sentences for his 1986 convictions, he cannot bring a federal habeas corpus action directed solely at those convictions.

*Lackawanna*, 532 U.S. at 394.

Petitioner has failed to show, for purposes of federal habeas corpus relief, that he is "in custody" for the 1976 Deaf Smith County passing a forged instrument conviction he now challenges. Consequently, pursuant to the Supreme Court's holdings in *Maleng v. Cook* and *Lackawanna County*, it is the opinion of the United States Magistrate Judge that this Court is without jurisdiction to adjudicate the instant habeas petition and that petitioner's habeas corpus application should be dismissed.

IV.
AEDPA LIMITATIONS PERIOD

Title 28 U.S.C. § 2244 establishes a one-year limitation period for filing a habeas petition in federal court. That section provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. § 2244(d) also provides for tolling of the statute of limitations (1) if the claims presented in the petition for writ of habeas corpus, for some reason, could not have been presented earlier because of some impediment to filing created by state action, (2) if the constitutional right asserted was initially recognized by the Supreme Court is on a date subsequent to the date the conviction became final, or (3) if the date on which the petitioner discovers the factual predicate of the claim or claims presented, or by the exercise of due diligence should have discovered them, is subsequent to the date the conviction became final.  In instances such as these, the limitation period would begin on the applicable post-conviction date.

The time limitations imposed by section 2244 apply to the instant habeas application because it was filed after the effective date of the statute, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  As stated *supra*, petitioner was convicted of the offense which he now challenges on October 19, 1976.  According to the AEDPA, petitioner is afforded one year following his final conviction date to file a federal application for a writ of habeas corpus.  Since petitioner's conviction occurred prior to the enactment of the AEDPA, he was entitled to a statutory period of one year from the enactment date of the statute or until April 24, 1997.  Petitioner however, filed nothing related to his conviction until his state habeas application, which was filed on December 16, 2004 and denied June 15, 2005.[3]  After the denial of the state habeas application, petitioner waited yet another year before filing the instant federal habeas corpus application.  Petitioner's instant application is clearly untimely and should be dismissed.

---

[3] Petitioner is not entitled to "tolling" for the period his state habeas petition was pending because it too was untimely filed.

V.
## RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ERIC WHEELER a/k/a Roger Dale Shipman be DISMISSED for lack of jurisdiction or, alternatively, as time barred.

VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of October 2006.

_____
**CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE**

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States

District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).